UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TLAPANCO,

    Plaintiff,

v.

JONATHAN ELGES, ET AL.,

    Defendants.

Case No. 16-13465

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

_____/

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [85], PLAINTIFF'S MOTION FOR LEAVE TO AMEND [89], AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [90], AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [87]**

This action arises from the wrongful arrest of Plaintiff, Johnny Tlapanco, for allegedly blackmailing a fourteen-year-old student in Michigan using the messaging app, "Kik." Plaintiff, at the time a twenty-year-old resident of New York, spent two weeks in a New York jail before being extradited to Michigan, where he spent an additional three weeks in custody. Eventually, the prosecuting attorney discovered that the investigating officer had mistakenly conflated Plaintiff's username, "anonymous," with the username of the alleged blackmailer, "anonymousfl." The criminal charges against Plaintiff were dropped and his seized devices returned, but

1

not before the Oakland County Sheriff's Office created forensic mirrors of Plaintiff's devices.

Before the Court are four Motions [85, 87, 89, 90], each of which stem from an oral pronouncement the Court made at the March 12, 2019, summary judgment hearing relating to the retention of Plaintiff's mirrored data. On July 7, 2021, the Court set a hearing for August 5, 2021. (ECF No. 100). The Court has now determined, however, that the instant Motions [85, 87, 89, 90] are appropriate for determination without a hearing pursuant to L.R. 7.1(f)(2). Accordingly, for the reasons articulated below, Defendants' Motion to Dismiss [85], Plaintiff's Motion for Leave to Amend [89], and Plaintiff's Motion for Summary Judgment [90] will be **DENIED**, while Defendants' Motion for Summary Judgment [87] will be **GRANTED**.

## BACKGROUND

Plaintiff initially brought suit in the Southern District of New York against Oakland County, Oakland County Sheriff Michael J. Bouchard, and Oakland County Deputies Jonathan Elges and Carol Liposky, however, the case was transferred to the Eastern District of Michigan on September 26, 2016. (ECF No. 1); *Tlapanco v. Elges* (*Tlapanco I*), 207 F. Supp. 3d 324 (S.D.N.Y. 2016). Over the course of several amendments, Plaintiff dropped Defendants Bouchard and Liposky and added

2

Oakland County Undersheriff Michael McCabe, the New York Police Department ("NYPD"), and NYPD Officer Gregory Thornton. (Fourth Am. Compl. ¶ 1).

On March 12, 2019, the Court heard arguments on the parties' cross Motions for Summary Judgment [42, 44, 51]. (ECF No. 71). During the hearing, the Court directed Defendants "to return [Plaintiff's] mirrored stuff." (*Id.* at 1881). At the same time, however, the Court denied Plaintiff's Motion for Summary Judgment [42], which sought that exact relief, and granted Defendants' Motions for Summary Judgment [44, 51]. (*Id.* at 1886; ECF No. 63). Notwithstanding the confusion created by these seemingly contradictory actions, Plaintiff appealed. (ECF No. 69).

While the appeal was pending, Plaintiff filed a second lawsuit against Oakland County, Bouchard, and McCabe. Complaint and Demand for Jury Trial, *Tlapanco v. Bouchard* (*Tlapanco II*), No. 20-10483 (E.D. Mich. Feb. 25, 2020). Unlike the first lawsuit, which involved alleged Fourth Amendment violations, the second action concerned alleged due process violations under the Fourteenth Amendment. *Id.* Defendants moved to dismiss *Tlapanco II* on preclusion grounds, arguing that Plaintiff should have brought his Fourteenth Amendment claim in *Tlapanco I*. Defendants Oakland County, Michael J. Bouchard and Michael McCabe's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), *Tlapanco II*, No. 20-10483 (E.D. Mich. Apr. 24, 2020). Plaintiff responded by filing an Amended

3

Complaint [6], which clarified that "[t]his lawsuit only pertains to the deprivation of Plaintiff's due process rights AFTER the dismissal of his first lawsuit." First Amended Complaint and Demand for Jury Trial ¶ 23, *Tlapanco II*, No. 20-10483 (E.D. Mich. May 15, 2020).

On June 25, 2020, a little over a month after Plaintiff amended his complaint in *Tlapanco II*, the Court clarified in *Tlapanco I* that Defendants' victory at summary judgment had not been "complete," and that Plaintiff had prevailed "on the matter of the return of the mirrored copies of the electronic devices." (ECF No. 72, PageID.1889). Defendants' counsel mailed Plaintiff's mirrored data to Plaintiff's counsel that same day. (ECF No. 87-1, PageID.2214). Attached was a letter stating that "[a]ll other copies in Defendant's [sic] possession ha[d] been deleted." (*Id.*).

On August 12, 2020, the Sixth Circuit affirmed this Court's summary judgment decision in part and reversed in part, holding that Defendant Elges was not entitled to qualified immunity on Plaintiff's claims for unlawful search and seizure, unlawful arrest, and malicious prosecution. *Tlapanco v. Elges*, 969 F.3d 638, 644 (6th Cir. 2020). The appellate court did not address Defendants' alleged lack of compliance with this Court's directive that Plaintiff's mirrored data be returned, however, it did hold that it was not a violation of clearly established law for Plaintiff's data to have been mirrored in the first place. *Id.* at 657.

4

On October 9, 2020, with the parties' agreement, the Court consolidated *Tlapanco I* and *Tlapanco II*. (ECF No. 81).

## I. Defendants' Motion to Dismiss [85]

Defendants move to dismiss on the basis of "claim preclusion" and "res judicata." Specifically, they contend that Plaintiff could have brought his Fourteenth Amendment claim in the prior action, and that judgment has already been granted to Oakland County.

> Claim preclusion [or res judicata] mandates that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies—not only with respect to every matter that was actually litigated in the first matter, but also as to every ground of recovery that might have been presented.

*Action Distrib. Co. v. Int'l Bhd. of Teamsters Local 1038*, 977 F.2d 1021, 1026 (6th Cir. 1992) (citing *White v. Colgan Elec. Co.*, 781 F.2d 1214, 1216 (6th Cir. 1986)). *See generally Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 88 n.1 (1984) (explaining the "seemingly conflicting terminology" used to describe preclusion doctrines).

> To establish claim preclusion, [a] defendant[] need[s] to show (1) "a final judgment on the merits" in a prior action; (2) "a subsequent suit between the same parties or their privies"; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction.

5

*Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)) (citing *Wilkins v. Jakeway*, 183 F.3d 528, 532, 535 (6th Cir. 1999)).

Although Defendants are correct that a final Judgment [64] on the merits was issued in *Tlapanco I* and that *Tlapanco II* involves the same parties or their privies, *see Pittman v. Mich. Corr. Org., SEIU, Local 526*, 123 F. App'x 637, 640-41 (6th Cir. 2005); *Vulcan, Inc. v. Fordees Corp.*, 658 F.2d 1106, 1111 (6th Cir. 1981), the other requirements have not been satisfied. The sole claim Plaintiff asserts in the second action is a violation of the Fourteenth Amendment for Defendants' failure to comply with the Court's verbal pronouncement that Plaintiffs' mirrored data be returned. First Am. Compl. ¶¶ 20-23, *Tlapanco II*.

This was not a claim that could have been brought at the time of the first action. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955) ("While the [earlier] judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case."). The transaction giving rise to the first action was the initial copying and retention of Plaintiff's data, whereas the transaction giving rise to the second action was Defendants' alleged failure to obey the Court. Accordingly, although Plaintiff might

6

have been able to bring *some* Fourteenth Amendment claim in the first action, he could not have brought *this* Fourteenth Amendment claim, and therefore cannot be precluded from doing so now.

Plaintiff's municipal liability claim against Oakland County, though similar to the Fourth Amendment claim on which the Court already granted judgment, is also predicated upon Defendants' failure to obey the Court. As such, it is also not precluded.

## II. Plaintiff's Motion for Leave to Amend [89]

Plaintiff seeks leave to amend the complaint in the first action, which would have the effect of adding a Fourteenth Amendment claim backdated to August 2014, when Defendant McCabe initially ordered Plaintiffs' electronics to be mirrored and retained. But for the very reasons Defendants' res judicata arguments fail with respect to Plaintiff's second action, Plaintiff's Motion to Amend [89] fails with respect to his first action.

Put simply, Plaintiff could have brought a Fourteenth Amendment claim for the initial mirroring of his electronics at the time he filed the first action, but did not. Accordingly, he is precluded from bringing one now.

Plaintiff cannot rely upon the Court's recent consolidation to make an end-run around preclusion. As the Supreme Court recently reiterated, "consolidation is

permitted as a matter of convenience and economy in administration, but [it] does not merge the suits into a single cause, . . . change the rights of the parties, or make those who are parties in one suit parties in another." *Hall v. Hall*, 138 S. Ct. 1118, 1127 (2018) (quoting *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933)); *see, e.g.*, *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir. 1994) (explaining "that consolidated cases remain separate actions"). Thus, Plaintiff is wholly incorrect "that since the cases are now combined . . . , there is no 'subsequent suit,' 'first case,' or 'second case'" for preclusion purposes. *Cf. GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 340 (6th Cir. 2016) (holding that a district court erred by construing consolidated cases as "the same case" for purposes of the law-of-the-case doctrine). Accordingly, the amendments Plaintiff seeks would be futile, and Plaintiff's Motion to Amend [89] must therefore be denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980))).

### III. Cross Motions for Summary Judgment [87, 90]

It is well-established that courts speak through their written orders, not their oral pronouncements. *Cf. Atl. Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204,

8

207 (6th Cir. 1996) ("[A] federal court judgment is 'rendered' only when it is set forth in writing on a separate, discrete document and entered on the civil docket."). Thus, although "[o]ral orders are just as binding on litigants as written orders," *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1547 (11th Cir. 1993), "a formal order [in a civil case] controls over a prior oral statement." *Snow Machs., Inc. v. Hedco, Inc.*, 838 F.2d 718, 727 (3d Cir. 1988).

Plaintiff's alleged injury is the deprivation of his mirrored data following this Court's pronouncement at the March 12, 2019, hearing that Defendants will "return [Plaintiff's] mirrored stuff." (ECF No. 71, PageID.1881; ECF No. 90, PageID.2268). But, as Plaintiff acknowledges, the Court's verbal directive was at odds with its subsequent written Order [63], which did not mention the issue of the mirrored hard drive and denied *the entirety* of Plaintiff's Motion for Summary Judgment [42], even though the return of the mirrored data was part of the relief Plaintiff requested. First Amended Complaint and Demand for Jury Trial ¶ 22, *Tlapanco II*, No. 20-10483 (E.D. Mich. May 15, 2020). Despite this apparent contradiction, Plaintiff did not move for reconsideration or to hold Defendants in contempt.

On June 25, 2020, following a conference, the Court issued a written clarification addressing Defendants' continued possession of Plaintiff's mirrored data. (ECF No. 72). In that "Notice," the Court stated that it would "not revisit the

9

Judgment while the appeal [was] pending," but would "clarify that Defendants' victory was not complete" and that Plaintiff had prevailed "on the matter of the return of the mirrored copies of the electronic devices." (*Id.* at 1889). Defendants' counsel mailed Plaintiff's mirrored data to his counsel that same day. (ECF No. 87-1, PageID.2214).

Given the general principal that a "later written opinion supersedes [an] earlier oral ruling," *United States v. Ganier*, 468 F.3d 920, 928 n.3 (6th Cir. 2006), and the fact that the Court's oral pronouncement set no deadline by which Defendants were required to comply,[1] Defendants were not under any obligation to return Plaintiff's mirrored data until the Court's later Notice [72]. Indeed, Plaintiff conceded at the time he filed his Amended Complaint that there was "no explicit Court Order ordering the defendants to return Plaintiff's property to him." First Amended Complaint and Demand for Jury Trial ¶ 22, *Tlapanco II*, No. 20-10483 (E.D. Mich. May 15, 2020). Moreover, as soon as Defendants were made aware that their "victory was not complete," they returned the mirrored data. (ECF No. 72, PageID.1889; ECF No. 87-1, PageID.2214). Against this backdrop, no reasonable jury could find that Plaintiff suffered an injury distinct from the initial mirroring and retention of his data, let alone an injury of constitutional magnitude. *Cf. Tlapanco*,

---

[1] Indeed, what the Court has thus far described as its "directive" or "pronouncement" might be more appropriately labeled a "solicited stipulation."

10

969 F.3d at 656 ("Because the electronic devices were returned the same day the written order was issued, McCabe's retention of the devices for the two days in between the pronouncement of the oral decision and filing of the written decision was not an unreasonable seizure.").

Plaintiff's speculative argument that "it is unclear if Defendants still maintain a copy of the data as they [have] fail[ed] to make a sworn statement or affidavit that the copy sent to the Plaintiff is the only copy left," does not save his claims. (ECF No. 90, PageID.2284). "In order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position; a mere 'scintilla of evidence' is insufficient." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 257 (1986)). Plaintiff offers no evidence in support of this "Defendants might be lying" theory, and the inference Plaintiff asks the Court to draw finds no support in the record.

Accordingly, not only does Plaintiff fail to present evidence upon which a reasonable jury could find a due process violation or municipal liability, but his Amended Complaint fails to even state a claim. Judgment will therefore be granted in favor of Defendants.

## CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Dismiss [85], Plaintiff's Motion for Leave to Amend [89], and Plaintiff's Motion for Summary Judgment [90] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [87] is **GRANTED**.

**SO ORDERED.**

Dated: August 2, 2021

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge